IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 93-60022-02-HO |
| Plaintiff, | ORDER |
| v. | |
| JUAN SANCHEZ-CERVANTES, | |
| Defendant. | |

Defendant filed a document entitled "Petitioner's Supplement to § 2255 motion to Vacate, Correct or Set Aside Sentence By a Person in Federal Custody." He characterizes this filing as a "continuation" of an earlier-filed Section 2255 motion, which, he claims "on information and belief," was not dismissed with prejudice. Doc. [#710] at 1. Defendant argues that his sentence exceeds the statutory maximum sentence for the charged offense. Id. The government filed a motion to dismiss or deny defendant's motion.

Although he does not cite to Apprendi v. New Jersey, 530 U.S. 466 (2000), defendant's motion is premised on the rule announced in that case. Defendant previously advanced this ground for relief in a Section 2255 motion. United States v. Sanchez-Cervantes, 282 F.3d 664, 666 (9th Cir. 2002). The motion before the court is a successive motion over which the court lacks jurisdiction in the absence of required certification by a panel of the court of appeals. United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998); 28 U.S.C. § 2255.

## Conclusion

Based on the foregoing, plaintiff's motion to dismiss or deny defendant's motion to vacate, set aside or correct sentence [#715] is granted in part; defendant's motion to vacate, set aside or correct sentence [#710] is dismissed for lack of jurisdiction.

IT IS SO ORDERED.

DATED this __16th__ day of October, 2006.

_____
United States District Judge